In the Matter of BEST REFRIGER-ATED EXPRESS, INC., Debtor.

Thomas F. HOARTY, Jr., Trustee For Best Refrigerated Express, Inc., Plaintiff,

v.

BENNETT TRANSPORTATION, Defendant,

v.

U.S. COMEX CORPORATION, Defendant,

v.

Ralph GODIC, d/b/a R & G Brokerage, Defendant.

Bankruptcy No. BK89–169.
Adv. Nos. A91–4016, A91–4045 and A91–4035.

United States Bankruptcy Court, D. Nebraska.

Aug. 21, 1991.

Dwight E. Steiner, Omaha, Neb., for Best Refrigerated Exp., Inc.

Norman H. Wright, Omaha, Neb. and Robert B. Walker, Washington, D.C. for plaintiff, Thomas F. Hoarty, Jr.

Thomas L. Saladino, Omaha, Neb. and Robert J. Gallagher, Northhampton, Mass., for defendant, Bennett Transp.

MEMORANDUM

JOHN C. MINAHAN, Jr., Bankruptcy Judge.

In each of these unconsolidated adversary proceedings the defendants filed Motions That This Proceeding be Determined to be a Non–Core Proceeding. The adversary proceedings were commenced by the trustee to collect freight undercharges

from the defendant for the difference between the rate filed with the Interstate Commerce Commission ("ICC") and the contract rate paid by the defendant. In each proceeding, the defendant asserts that the dispute is a non-core proceeding and, therefore, the bankruptcy court must submit proposed findings of fact and conclusions of law to the district court. Because each of these adversary proceedings is based on similar facts and the same law, I have set forth my conclusions in this single memorandum which will be filed in each adversary proceeding.

There is a split of authority on whether a proceeding to collect undercharges from a shipper is core or non-core under 28 U.S.C. § 157. *See e.g., Miller v. BTS Transport Services (In re Total Transportation, Inc.),* 87 B.R. 568 (D.Minn.1988); *Calhoun v. Copeland (In re Gordons Transp. Inc.),* 51 B.R. 633 (Bankr.W.D.Tenn.1985); *Christison v. Caterpillar, Inc., (In re Tobler Transfer, Inc.),* 74 B.R. 373 (Bankr. C.D.Ill.1987); *Maislin Industries, U.S., Inc. v. C.J. Van Houten E. Zoon, Inc. (In re Maislin, Industries, U.S., Inc.),* 50 B.R. 943 (Bankr.E.D.Mich.1985); *Bruce L. Hussey, Trustee v. Meadow Lark Agency, Inc. et. al. (In re Columbia Navigation, Inc.),* No. 89–30176–007, slip. op. (Bankr.D.Mont. October 12, 1991).

█ Judge Dreher concluded that an action to collect undercharges is a core proceeding and I agree with her conclusion and reasoning on that issue as set forth in her report and recommendation in *Miller v. BTS Transportation Services,* 87 B.R. 568, 571–575 (D.Minn.1988). I conclude, as did Judge Dreher, that based on the Eighth Circuit's decision in *Craig v. McCarthy Ranch Trust (In re Cassidy Land & Cattle Co., Inc.)* 836 F.2d 1130 (8th Cir.1988), an action to recover undercharges in accordance with filed rates is in the nature of a turnover proceeding and, therefore, is a core proceeding under 28 U.S.C. § 157(b)(2)(E). I do not hereby adopt Judge Dreher's conclusions, or any position regarding reference to the ICC under the "primary jurisdiction" doctrine.

█ The present action is analogous to the collection of a matured account receivable. Such an action is a turnover proceeding under 11 U.S.C. § 542(b). Section 542(b) requires an entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, to pay such debt to the trustee. The debts owed by the defendants to the debtor were matured because the duties under the contract between the parties were fully performed and their are no claims of incomplete or improper performance. *See Miller v. BTS Transportation Services, supra,* 87 B.R. at 574 quoting, *Calhoun v. Copeland, supra,* 51 B.R. at 633. Turnover is one of the trustee's traditional remedies to collect property of the estate and Congress has specifically stated that an action on a matured debt is one right a trustee may pursue. An action to collect a matured debt, as in these cases, is a traditional type of proceeding which is at the core of a bankruptcy. *Miller v. BTS Transportation Services, supra,* 87 B.R. at 573. Accordingly, this is a core proceeding under 11 U.S.C. § 157(b)(2)(E). A separate order will be entered consistent herewith.