**In re WILSON FEED COMPANY, INC., t/a Wilson Feed & Seed, t/a Manchester Distributors, Debtor.**

**WILSON FEED COMPANY, INC., Plaintiff,**

v.

**QUALITY SEEDING AND LAND-SCAPING OF CHESAPEAKE, INC., Defendant.**

**Bankruptcy No. 91–34481–S.
Adv. No. 91–3149–S.**

United States Bankruptcy Court, E.D. Virginia, Richmond Division.

June 12, 1992.

---

Debra J.C. Dowd, LeClair, Ryan & Joynes, Richmond, Va., for plaintiff.

Robert E. Kane, Jr., Kane, Jeffries & Gayle, Richmond, Va., for defendant.

## MEMORANDUM OPINION

**BLACKWELL N. SHELLEY,**
Bankruptcy Judge.

This matter comes before the Court on the January 6, 1992 motion for dismissal of the complaint filed by Wilson Feed Company, Inc. on December 9, 1991, to recover alleged accounts receivable owed by the defendant, Quality Seeding and Landscaping of Chesapeake, Inc., or abstention.

Upon consideration of the parties pleadings and supporting memoranda, the Court makes the following findings of fact and conclusions of law.

### FINDINGS OF FACT

Wilson Feed Company, Inc. (hereinafter "Wilson Feed" or "debtor") sells seed, feed and other related products to its customers on credit. On May 19, 1988, Quality Seeding and Landscaping of Chesapeake, Inc. (hereinafter "Quality Seeding" or "defendant") submitted a credit application to Wilson Feed which was subsequently accepted. Quality Seeding purchased goods from Wilson Feed on credit beginning in May of 1988 until July, 1991. As of November 30, 1991, Quality Seeding owed $40,914.38 to Wilson Feed for goods bought on credit, of which $35,310.94 was principal and $5,603.44 was interest accrued.

On October 23, 1991, Wilson Feed filed a petition under Chapter 11 of the Bankruptcy Code. The debtor, in an attempt to collect the accounts receivable owed by the defendant, initiated this proceeding by filing a complaint against Quality Seeding alleging a breach of the credit agreement. In moving for dismissal or abstention on the grounds of lack of subject matter jurisdiction, the defendant asserts that the debtor's action is not a core proceeding but is one for breach of contract and should therefore be heard in an appropriate state forum. The debtor contends an action to collect an account receivable constitutes a core proceeding and therefore this Court has jurisdiction to hear and determine this matter.

### CONCLUSIONS OF LAW

The issue before the Court is whether a debtor's action for recovery of an account receivable is a core proceeding under 28 U.S.C. § 157(b)(1). 28 U.S.C. § 157(b)(1) provides in part that "[b]ankruptcy judges may hear and determine all core proceedings arising under title 11, or arising in a case under title 11...." 28 U.S.C. § 157(b)(2) enumerates a nonexclusive list of 15 categories of bankruptcy proceedings that constitute core proceed-

ings. However, since all of the types of actions which comprise core matters are not expressly delineated, whether or not an action is a core proceeding is to be determined by the bankruptcy judge. 28 U.S.C. § 157(b)(3).

This Court recognizes that there is no clear consensus on whether an action to collect an account receivable is a core or non-core proceeding. *Compare Baldwin–United Corp. v. Thompson,* 48 B.R. 49 (Ohio 1985) (core) *with Atlas Automation, Inc. v. Jensen, Inc.,* 42 B.R. 246 (Mich.1984) (non-core). Some courts are reluctant to characterize such proceedings as "core" for fear of raising an Article III constitutional problem due to the similarity between this action and the one before the U.S. Supreme Court in *Northern Pipeline Construction Co. v. Marathon Pipeline Construction Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). *See George Woloch Co., Inc. v. Longview Capital Plastic Pipe, Inc.,* 49 B.R. 68 (D.C.Pa.1985); *Arnold Printworks, Inc. v. Apkin,* 54 B.R. 562 (Mass. 1985). In *Marathon,* the Supreme Court held that bankruptcy courts could not constitutionally adjudicate a debtor's state law claims because the jurisdiction as granted under former 28 U.S.C. § 1471 was too broad. However, under *Marathon,* bankruptcy courts can determine state law issues as long as 1) there is sufficient control over them by Article III courts, and 2) there exists a nexus between the proceeding involving a state law cause of action and the bankruptcy estate. *Marathon,* 458 U.S. at 80–81, 102 S.Ct. at 2876–77. *See also T. Lesser v. A–Z Associates; T. Lesser v. 931 Associates,* 46 B.R. 850, 856 (Bkrtcy. S.D.N.Y.1985). Congress resolved the first requirement by passing the Bankruptcy Amendments and Federal Judgeship Act of 1984 ("BAFJA"). BAFJA vested original jurisdiction in the district courts, thereby retaining the "essential attributes of judicial power" in Article III courts, while at the same time, granting bankruptcy courts the authority to decide bankruptcy and other related issues. *Id.; See* 28 U.S.C. § 1334; *See also Marathon,* 458 U.S. at 81, 102 S.Ct. at 2876–77 (holding that the "essential attributes of judicial power" must

be vested in Article III courts). The second requirement is satisfied when this Court determines an action to be a core proceeding under § 157(b). Although many cases hold that a debtor's breach of contract action does not have core status and therefore the court lacks jurisdiction to hear these claims, this Court declines to follow that line of cases. *See Earle Industries, Inc. v. Circuit Engineering, Inc.,* 72 B.R. 131 (Bkrtcy.E.D.Pa.1987); *Windsor Communication Group, Inc. v. Grant,* 75 B.R. 713 (E.D.Pa.1985). In this Court's opinion, a debtor's action to recover accounts receivable constitutes a core proceeding and therefore this Court has the authority under § 157(b)(1) to hear and enter judgment in this matter.

The Court finds sufficient authority that accounts receivable are property of the estate and are therefore subject to turnover orders made pursuant to § 542(b) of Title 11 of the Bankruptcy Code. 11 U.S.C. § 542(b) provides in pertinent part that "... an entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, shall pay such debt to, or on the order of, the trustee...." Accounts receivable are considered to be mature debts. *Allegheny, Inc. v. Laniado Wholesale Co.,* 68 B.R. 183, 190 (Pa.1986). *See also T. Lesser,* 46 B.R. at 856 ("No citation is required for the proposition that a chose in action or debt for breach of that agreement is property of the estate."). Therefore, a debtor seeking collection on an account receivable has an action for turnover of estate property under § 542(b).

It follows that a debtor's adversary proceeding to turn over an account receivable pursuant to 11 U.S.C. § 542(b) is within the Court's subject matter jurisdiction conferred by 28 U.S.C. § 157(b)(1). 28 U.S.C. § 157(b)(2)(E) expressly defines turnover actions to be core proceedings. Since this Court believes an action to recover accounts receivable to be a turnover action within the meaning of § 542(b), an action to collect accounts receivable is therefore a core proceeding under § 157(b)(2)(E).

■ In addition this Court finds that these actions are core proceedings under § 157(b)(2)(A) in that they support and further those objectives behind "matters concerning the administration of the estate". 28 U.S.C. § 157(b)(2)(A).

> [P]rompt collection of [accounts receivable] is often essential to the administration of the bankruptcy or reorganization process since the funds represented by the accounts are typically needed to meet the estate's expenses in advancing the administration of the case.... Since the rapid resolution of this type of litigation is often essential to the sound administration of the estate, § 157(b)(2)(A) weighs in favor of finding that questions on accounts receivable are core matters.

*Franklin Computer Corp. v. Harry Strauss & Sons, Inc.*, 50 B.R. 620, 625 (Pa.1985). Requiring the parties to relitigate this matter in state court would not only undermine judicial economy, but also impose an administrative burden on the bankruptcy estate, and thereby detrimentally affect the recovery of assets for creditors. In sum, a debtor's action to collect an account receivable is a turnover action under 11 U.S.C. § 542(b) and hence, a core proceeding under § 157(b)(2)(E), subject to this Court's jurisdiction as defined in § 157(b)(1).

■ Defendant has requested that the Court abstain from hearing this case pursuant to 28 U.S.C. § 1334(c). 28 U.S.C. § 1334(c) provides:

> (1) Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11

> (2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction....

First, although some of the requirements under § 1334(c)(2) are satisfied, because this Court has found this matter to be a core, not a related, proceeding and since this matter is not currently pending in a state court forum, this Court is not mandated to abstain under 28 U.S.C. § 1334(c)(2). *Allegheny*, 68 B.R. at 191. Second, this Court believes that discretionary abstention in this instance is not required. In exercising its discretion, this Court looks to what will be the most economical and expeditious resolution to this matter. Because this action fails to implicate any important state interests or involve any unsettled questions of state law, the fact that the complaint contains state law claims is not, without more, an appropriate basis for discretionary abstention. This Court believes that abstention would only delay the reorganization of the debtor's estate and having this Court resolve the matter will result in the most efficient and cost-effective resolution. This Court therefore finds that abstention in this case is inappropriate.

For the aforementioned reasons, the defendant's motion for dismissal or abstention shall be denied.

An appropriate order will be entered in conformity with this opinion.