In the Matter of PETER J. SCHMITT
CO., INC., et al., Debtors.

PETER J. SCHMITT CO.,
INC., Plaintiff,

v.

FIRESTONE STAR MARKET INC., et al.,
J.T. Bud–Nick, Inc., Vale Edge Sparkle,
Inc., Seiler & Sons, Inc., May's Stow
Supermarket, Inc., Foutty's Foods, Inc.,
Richard L. Foutty, Inc., Tall–Mac, Inc.,
Vesta Corporation, Westside Sparkle
Market, Inc., Ralph's Sparkle Market,
Inc., Patton's S.M., Inc., Niles Sparkle
Market, Hopewell Market, Inc., Glenm-
oor Sparkle Market, Fosterville Sparkle
Market, Inc., EPSM, Inc., Ebaugh, Inc.,
D.A.D.'s Food, Inc., Cochran Sparkle
Market, Inc., CFZ Supermarkets, Inc.,
Canfield Sparkle Market, Inc., Bindas
Sparkle Market, Inc., Defendants.

Bankruptcy Nos. 92–694 to 92–699.
Adv. Nos. 92–92 to 92–102, 92–104 to
92–108, 92–110 to 92–113, 92–
120, 92–122 and 92–126.

United States Bankruptcy Court,
D. Delaware.

Jan. 7, 1993.

Anthony W. Clark, Skadden, Arps, Slate, Meagher & Flom, Wilmington, DE, John Wm. Butler, Jr., Skadden, Arps, Slate, Meagher & Flom, Chicago, IL, for debtors.

Peter J. Walsh, Bayard, Handelman & Murdoch, P.A., Wilmington, DE, James W. Slater, Christoff, Slater, Haskins & Zurz, Akron, OH, Henry A. DiBlasio, DiBlasio, Flask & Associates, Youngstown, OH, Howard C. Walker, Jr., Roderick, Myers & Linton, Akron, OH, Richard P. Martin, Richard P. Martin Co., L.P.A., Stow, OH, for defendants.

ORDER ON DEFENDANTS' MOTIONS FOR A DETERMINATION THAT THESE ADVERSARY PROCEEDINGS ARE NON-CORE

HELEN S. BALICK, Bankruptcy Judge.

I. *Procedural History*

1. The debtors, Peter J. Schmitt Co., Inc. *et al*, filed their Chapter 11 petitions in this court on May 29, 1992. The bar date in this case for general unsecured claims was December 15, 1992.

2. Schmitt has filed about 61 adversary proceedings seeking damages for unpaid groceries Schmitt delivered to various defendants.

3. Of those adversaries, 23 filed in late August 1992 are at issue here. The defendants in these 23 adversaries denied liability and counterclaimed on several grounds.

4. The 23 defendants then filed several pre-trial motions, including a motion to withdraw the reference of each of these adversaries and a related motion for a determination that these adversaries are non-core proceedings.

5. Upon the joint request of the parties, the court has consolidated these 23 adversary proceedings for the purposes of the motion for a determination that the proceedings are core or non-core. Case No. 92–695, docket no. 710, at 48; A–92–92, docket no. 16.

6. Briefing on this motion is complete and each party asserts the motion is ready for decision on the basis of the present record. A–92–92, docket nos. 32 and 33. While this motion does not require the court to rule on the merits of the pleadings, the court must examine the pleadings and the record to the extent necessary to determine whether the pleadings in the adversaries are core or non-core. *In re Delaware & Hudson Ry. Co.*, 122 B.R. 887, 890–92, 895 n. 12 (D.Del.1991). This court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334, and the resolution of defendants' motion is a core matter. 28 U.S.C. § 157(b)(3).

II. *The Allegations of the Complaints*

7. Schmitt is a wholesale food distributor in the Northeastern United States. Its primary retail grocery customers are its network of stores operated by independent franchises, partnership joint ventures and wholly-owned subsidiaries under various tradenames, including "Apples" and "Sparkle." The defendants are such customers who own and operate retail grocery stores.

8. Pre-petition, the defendants ordered and agreed to pay for groceries from Schmitt.

9. Subsequently, the defendants received these groceries from Schmitt.

10. The defendants have failed to pay Schmitt for the groceries (the account receivable claims).

11. Two of the defendants have also failed to pay Schmitt for pre-petition rents.

12. Five of the defendants have also failed to pay Schmitt for pre-petition promissory note obligations.

13. In the aggregate, Schmitt seeks over $5,000,000 from the 23 defendants.

## III. *The Allegations of the Counterclaims*

14. In addition to denying each of Schmitt's claims, the defendants have filed counterclaims which fall into essentially five categories:

   a. Schmitt's pre-petition breach of franchise agreements;

   b. Schmitt's pre-petition breach of its contractual obligations to accord the defendants certain shipping discounts, high volume rebates, advertising cost sharing and credits, and manufacturer's advertising rebates;

   c. Schmitt's breach of pre-petition contractual obligations relating to the opening of new stores and/or taking over existing stores;

   d. Schmitt's violation of defendants' pre-petition trademark rights, including Schmitt's violation of the Lanham Act, 15 U.S.C. § 1051 *et seq.*, for interfering with the defendants' use of the tradenames "Apple" and "Sparkle;" and

   e. Schmitt's breach of pre-petition leases which *will* result *if* Schmitt rejects certain lease agreements.

15. The counterclaims falling within category 14.e. are not based upon facts and conditions which have already occurred. These requests for relief are merely hypothetical claims, and whether they are core or non-core will not be considered further at this time. *E.g., United Associates of Delaware v. Delaware Solid Waste Authority (In re United Associates of Delaware)*, 140 B.R. 368, 372–73 (Bankr.D.Del. 1992).

## IV. *Schmitt's Counterclaims*

16. Schmitt's reply to these counterclaims includes three counterclaims of its own. Schmitt's first counterclaim alleges that the defendants, by asserting in their pleadings that Schmitt has damaged them, *see generally supra* ¶ 14, are attempting to set off their obligations to Schmitt against these damage claims in violation of the provisions of 11 U.S.C. §§ 362(a)(3), (6) and (7).

17. The second counterclaim alleges the defendants conspired with each other to perform the conduct described in ¶ 16 to violate 11 U.S.C. § 362(a).

18. The third counterclaim refers to the "amounts" the defendants owe Schmitt as set out in the original complaint and seeks turnover pursuant to 11 U.S.C. § 542. This counterclaim appears in substance to request the same damages as the affirmative claims of Schmitt's complaint. *See supra* ¶¶ 7–12.

19. The defendants dispute the merits of each of Schmitt's counterclaims.

## V. *Conclusions of Law*

20. The law that defines core and noncore proceedings in this jurisdiction is well established. 28 U.S.C. § 157(b); *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982); *Beard v. Braunstein*, 914 F.2d 434, 443–445 (3d Cir.1990); *Hatzel & Buehler v. Orange & Rockland Utilities*, 107 B.R. 34, 39–40 (D.Del.1989); *TTS v. Stackfleth (In re Total Technical Services)*, 142 B.R. 96, 98–99 (Bankr.D.Del. 1992).

21. These cases hold that an adversary proceeding based upon a disputed cause of action arising solely under nonbankruptcy law that is independent and antecedent to a Chapter 11 filing is noncore.

### A. Schmitt's claims

22. Schmitt's accounts receivable, unpaid rent, and unpaid note claims in its complaints fall within this description.

23. Schmitt attempts to distinguish its claims from the above controlling caselaw. Schmitt argues the collection of the more than $5,000,000 is crucial to its rehabilitation scheme, will therefore affect the administration of the estate, and that section 157(b)(2)(A) applies. The record does not support the factual underpinnings of this argument. In particular, the court judicially notices that it recently approved Schmitt's motion to sell substantially all its assets for approximately $70–75 million.

Case No. 92–695, docket nos. 795 and 933. Schmitt has also repeatedly asserted it will file a plan of reorganization by February 26, 1993, less than two months away. *E.g.,* Case No. 92–695, docket no. 842 at 7.

24. Moreover, Schmitt's argument has no legal merit. 107 B.R. at 39–40.

25. Schmitt also argues its account receivable actions are "turn over" actions within the meaning of section 157(b)(2)(E). This argument is without merit. 914 F.2d at 444.

26. As to its counterclaims based upon alleged violations of section 362(a), *see supra* ¶¶ 16–17, Schmitt argues they are core within the meaning of section 157(b)(2)(A) and (G). Schmitt is correct.

**B. Defendants' Counterclaims**

27. Defendants' counterclaims described in paragraph 14a, 14b, 14c, and 14d are disputed causes of action arising solely under non-bankruptcy law that are independent and antecedent to Schmitt's Chapter 11 filing. Schmitt argues that the defendants' reference to 11 U.S.C. § 553 in their opening brief somehow makes these claims core. The reference is taken out of context. Section 553 does not create a right to payment; indeed, defendants do not rely upon that section as the legal basis for their counterclaims.

28. Schmitt alternatively argues even if the counterclaims are non-core, that they are permissive and not compulsory, and that therefore the defendants have consented to the entry of final orders by this court concerning the counterclaims. This argument fails for two reasons.

29. First, Schmitt has not persuaded the court that the defendants' counterclaims are permissive rather than compulsory. A counterclaim is compulsory when it arises out of the same transaction as the original claim. Bankr.R. 7013; *Beard v. Braunstein,* 914 F.2d 434, 442 n. 13 (3d Cir.1990).[1] A review of the pleadings indicates that the defendants' counterclaims, which all arise out of their prepetition contractual relationships with Schmitt, arise out of the same set of contractual relationships as Schmitt's various claims. Indeed, even Schmitt admits that defendants' "rebate and credit" counterclaims relate to Schmitt's accounts receivable claims and should be in the same proceeding. A–92–92, docket no. 18, at 9.

30. Second, even if defendants' counterclaims were permissive, defendants have not consented to the entry of final orders by this court. The defendants timely raised the non-core issue in their answers to the complaints. *See* 914 F.2d at 442.

31. Lastly, Schmitt argues the counterclaims are core because they affect the adjustment of the debtor-creditor relationship. 11 U.S.C. § 157(b)(2)(O). This argument is also without merit. *See* 914 F.2d at 443–44.

Therefore, the court finds that:

1. Schmitt's account receivable claims are non-core.

2. Schmitt's unpaid rent claims are non-core.

3. Schmitt's unpaid note claims are non-core.

4. Schmitt's counterclaims based upon alleged violations of the provisions of 11 U.S.C. §§ 362(a)(3), (6) and (7) are core.

5. The defendants' counterclaims described in paragraph 14a–14d of this order are non-core.

---

1. Schmitt asserts that a counterclaim is permissive if it arises pre-petition. This standard is plainly wrong.