### In re McCRARY & DUNLAP CONSTRUCTION COMPANY, LLC, Debtor.

**McCrary & Dunlap Construction Company, LLC., Plaintiff,**

**v.**

**CED Construction Partners, Ltd., Cool Springs Partners, LP., Southern Company, R.P. Industries and JDN Development Company, Inc., Defendants.**

Bankruptcy No. 98–03220.
Adversary No. 399–0250A.

United States Bankruptcy Court, M.D. Tennessee.

Jan. 20, 2000.

Robert J. Gonzales, Robert J. Mendes, Mendes & Gonzales, Nashville, TN, for the Debtor.

Neal McBrayer, Miller Martin & Trabue, Nashville, TN, for Cool Springs Partners & Southern Land Company.

Wearen L. Hughes, Bass Berry & Sims, PLC, Nashville, TN, for RP Industries, Inc. and JDN Development Company, Inc.

Christopher Cravens, Lisa Ramsey Cole, Lewis King Krieg Waldrop & Catron, P.C., Nashville, TN, for CED Construction Partners, Ltd.

## MEMORANDUM & ORDER

GEORGE C. PAINE, II, Chief Judge.

This matter is before the court on the motion of CED Construction Partners, Ltd's ("CED") motion to dismiss the adversary proceeding for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) made applicable to the Federal Rules of Bankruptcy Procedure by Rule 7012. For the reasons more particularly described herein, the court grants the motion to dismiss.

This dispute arises out of a contract action brought by McCrary & Dunlap Construction Company, LLC. ("M & D"), a subcontractor, against CED, the general contractor. M & D was hired as subcontractor to perform certain work for the Willow Creek Apartments in Mt. Juliet, Tennessee. M & D asserts that CED breached the contract by it failure to pay all amounts owed under the contract.

CED answered the complaint and raised as an affirmative defense the issue of venue. The construction contract contains a choice of law and forum selection clause which provides as follows:

> This Subcontract shall be construed in accordance with the laws of Florida. SUBCONTRACTOR expressly waives any right to venue in any action brought under this Subcontract or against any bond posted by CONTRACTOR. SUBCONTRACTOR acknowledges that CONTRACTOR'S bonding company is an intended third-party beneficiary of

this venue provision. CONTRACTOR has an express right to select venue in Duval County, or the site of the project, for any action brought under this Subcontract. In any action brought by or against CONTRACTOR or his bonding company under this Subcontract, venue selection shall be the sole prerogative of CONTRACTOR.

According to CED, the forum selection cause mandates that this case be dismissed for improper venue. The debtor urges the court to allow the case to continue in the bankruptcy court.

■ In *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 10, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972), the United States Supreme Court ruled that forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." A forum selection clause is unreasonable if (1) its incorporation into the contract is the result of fraud or overreaching, (2) its enforcement would violate a strong public policy of the forum in which the suit is brought, or (3) the selected forum is so seriously inconvenient it deprives a party of its day in court. *Shell v. R.W. Sturge, Ltd.*, 55 F.3d 1227 (6th Cir.1995).

The debtor does not allege fraud or overreaching, and there is no proof before the court that the selected forum would deprive the debtor of its day in court. Accordingly, the court will focus on whether enforcement would violate a strong public policy favoring the centralization of bankruptcy proceedings in bankruptcy court.

■ Undoubtedly, public policy does favor centralization of bankruptcy proceedings in bankruptcy court where a case is pending. *Envirolite Enterprises, Inc. v. Glastechnische Industrie Peter Lisec Gesellschaft M.B.H.*, 53 B.R. 1007 (S.D.N.Y. 1985), *aff'd* 788 F.2d 5 (2d Cir.1986). However, this policy is not so strong as to abandon the forum selection clause if the

proceeding is non-core. *In re N. Parent, Inc.*, 221 B.R. 609 (Bankr.D.Mass.1998).

■ An action instigated by the debtor in the context of bankruptcy to collect an account receivable is most likely non-core. The distinction between what is "core" and what is "non-core" is far from clear. On the one hand, a broad reading of the literal terms of the statutory text could lead to the result that courts treat just about every dispute as "core," but, the statute must be interpreted keeping in mind that Congress passed it in response to the defects revealed by *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982)

■ Courts are split on whether "accounts receivable" claims against strangers to the bankruptcy proceeding and other litigation based on pre-petition contract-based rights are core or non-core. Some courts have held that such proceedings are core matters. *See, e.g., In re Wilson Feed Co., Inc.*, 142 B.R. 123 (Bankr.E.D.Va. 1992); *In re Leco Enterprises, Inc.*, 125 B.R. 385 (S.D.N.Y.1991); *In re Allegheny, Inc.*, 68 B.R. 183 (Bankr.W.D.Pa.1986); *In re National Equipment & Mold Corp.*, 60 B.R. 133 (Bankr.N.D.Ohio 1986); *see also In re American Freight System, Inc.*, 164 B.R. 341 (D.Kan.1994); *In re Bingham Systems, Inc.*, 139 B.R. 809 (Bankr. N.D.Miss.1991); *In re Total Transp., Inc.*, 87 B.R. 568 (D.Minn.1988). These courts reason that "accounts receivable" actions are core because they represent estate assets, often a substantial portion of such assets, and therefore their prompt resolution concerns the administration of the estate under § 157(b)(2)(A), and affects liquidation of the estate under § 157(b)(2)(O). Further, requiring the bankruptcy trustee to litigate such claims in state court would impose an administrative burden on the bankruptcy estate. The courts also view accounts receivable claims to be "turnover" claims under § 157(b)(2)(E), because they believe that accounts receivable are property of the

estate which is due, payable on demand, and for a sum certain within the meaning of a "turnover" proceeding under § 11 U.S.C.A. 542(b) (West 1993). These courts view the § 542(b) rights of trustees to pursue mature debts to be "a traditional type of proceeding which is at the core of a bankruptcy." *In re Best Refrigerated Express, Inc.,* 132 B.R. 420, 421 (Bankr. D.Neb.1991).

The better approach is that such claims, at least when grounded in state law and arising pre-petition, must be treated as non-core. A majority of courts have taken this approach. *See, e.g., Beard v. Braunstein,* 914 F.2d 434, 444–445 (3rd Cir.1990); *In re Orion Pictures Corp.,* 4 F.3d 1095, 1102 (2nd Cir.1993); *In re Pisgah Contractors, Inc.,* 215 B.R. 679 (W.D.N.C. 1995); *In re National Enterprises, Inc.,* 128 B.R. 956, 960 (E.D.Va.1991); *In re Maislin Indus., U.S., Inc.,* 50 B.R. 943, 948–950 (Bankr.E.D.Mich.1985); *In re Mec Steel Buildings, Inc.,* 136 B.R. 606, 610 (Bankr.D.P.R.1992); *In re United Security & Communications, Inc.,* 93 B.R. 945, 957 (Bankr.S.D.Ohio 1988) ("clear majority, and better-reasoned, view" is to treat pre-petition accounts receivable as non-core); *In re Tobler Transfer, Inc.,* 74 B.R. 373, 375 (Bankr.C.D.Ill.1987). These proceedings are non-core because such claims fall squarely under the dictates of *Northern Pipeline.* Congress has stated that the bankruptcy courts may not force non-consenting claimants whose claims are based on state-created private rights into non-Article III courts. *See Northern Pipeline,* 458 U.S. at 70–72, 77, 81–84, 102 S.Ct. 2858, 73 L.Ed.2d 598.

Although bankruptcy policy is to collect all assets together for efficient resolution of the case, that policy must be overridden by the parties agreement to select Florida as their forum of choice. The Third Circuit Court of Appeals upheld a forum selection clause in a non-core proceeding with astonishingly similar facts. In *Diaz Contracting, Inc. v. Nanco Contracting Corp. (In re Diaz Contracting Corp.),* 817 F.2d 1047 (3d Cir.1987) a debtor/subcontractor filed an adversary proceeding in bankruptcy court in New Jersey against its general contractor alleging breach of contract for failure to pay certain amounts due under the contract. The defendant/general contractor filed a motion to dismiss the adversary proceeding based on the forum selection clause which required venue in New York. The debtor objected to the motion to dismiss arguing that it was a core proceeding, and enforcement of the forum selection clause would unreasonably impact the success of the chapter 11 debtor's reorganization efforts. The bankruptcy court overruled the motion to dismiss, and the decision was upheld by the district court.

The Third Circuit Court of Appeals reversed finding that the debtor had failed to meet its burden to demonstrate unreasonableness as required by the United States Supreme Court in *Bremen* in order to avoid enforcement of the forum selection clause. In a footnote, the court noted that the issue of whether forum selection clauses were enforceable in core cases is still an open issue. However, the court ruled that in *Diaz* the subcontractor's action to collect on a prepetition contract was non-core in that it could have easily been instigated in state court as well as district court. *In re Diaz Contracting Corp.,* 817 F.2d at 1051 fn. 9, 1055 fn. 15.

M & D's action against CED is likewise, non-core. The only issue is whether bankruptcy court policy considerations override the prima facie validity of the forum-selection clause. In a non-core proceeding, this court agrees with the Third Circuit's *Diaz* decision and the reasoning of the Massachusetts bankruptcy court in the *In re Parent N.* decision. The policy favoring centralization of bankruptcy proceedings is policy is not so strong as to abandon the forum selection clause where the proceeding is non-core.

Accordingly, the court grants CED's motion to dismiss this adversary proceeding for improper venue. It is therefore

ordered that this adversary proceeding is dismissed as to defendant CED.

It is, THEREFORE, so ordered.