**In re CHARTER BEHAVIORAL HEALTH SYSTEMS, LLC, et al., Debtors.**

**Charter Behavioral Health System, LLC, and Charter Managed Care Services, LLC, Plaintiffs,**

v.

**Managed Health Network, Inc., Defendant.**

**Bankruptcy Nos. 00–989(MFW) to 00–1089(MFW), 00–1055(MFW) and 00–2231(MFW).**
**Adversary No. 01-4704 (MFW).**

United States Bankruptcy Court, D. Delaware.

May 3, 2002.

---

Laura Davis Jones, Rachel Sara Lowy, Pachulski, Stang, Ziehl, Young & Jones, Wilmington, DE, Ezra H. Cohen, Douglas E. Ernst, Troutman Sanders LLP, Atlanta, GA, for Debtors.

Philip Trainer, Jr., Ricardio Palacio, Ashby & Geddes, Wilmington, DE, for Managed Health Network, Inc.

William H. Sudell, Jr., Robert J. Dehney, Derek C. Abbott, Morris, Nichols, Arsht & Tunnell, LLP, Wilmington, DE, Ronald R. Peterson, Catherine Steege, Jenner & Block, Chicago, IL, for Official Committee of Unsecured Creditors.

## *OPINION* [1]

MARY F. WALRATH, Bankruptcy Judge.

Before the Court is the Motion of the Defendant, Managed Health Network, Inc.

---

1. This Opinion constitutes the findings of fact and conclusions of law of the Court pursuant

("MHN"), for dismissal of this proceeding in favor of arbitration. For the reasons set forth below, we grant MHN's Motion to Dismiss in favor of arbitration.

## I. BACKGROUND

On February 16, 2000, Charter Behavioral Health Systems, LLC and Charter Managed Care Services, LLC (collectively "Charter"), and certain of its affiliates (collectively "the Debtors"), filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

On or about April 17, 1998, Charter and MHN entered into a Participating Provider Agreement ("the Provider Agreement"). Pursuant to the Provider Agreement, Charter was to provide specified mental health services and supplies to certain covered persons, in exchange for compensation from MHN at rates specified in the Provider Agreement. Section 8 of the Provider Agreement provides:

*Mandatory Arbitration.* The parties agree to meet and confer in good faith to resolve any problems or disputes that may arise under this Agreement. Such negotiation shall be a condition precedent to the filing of any arbitration demand by either party.

The parties agree that any controversy or claim arising out of or relating to this Agreement (and any previous agreement between the parties if this Agreement supersedes such prior Agreement) or the breach thereof, whether involving a claim in tort or otherwise, shall be settled by final and binding arbitration in accordance with the provisions of the Federal Arbitration Act. The parties waive their right to a jury or court trial.

(MHN Motion to Dismiss, Exh. A Section 8).

to Federal Rule of Bankruptcy Procedure

On June 20, 2001, Charter commenced this adversary proceeding against MHN seeking to recover $151,021.07 allegedly owed to Charter by MHN pursuant to the Provider Agreement. On August 15, 2001, MHN filed its Answer and Affirmative defenses to the Complaint. MHN did not specifically assert arbitration as an affirmative defense to the Complaint.

On October 22, 2001, a Scheduling Order was entered setting, among other things, discovery deadlines. Pursuant to the Scheduling Order, MHN was required to respond to Charter's first set of discovery requests on or before November 21, 2001. By agreement of the parties, the deadline for MHN to respond to Charter's discovery requests was extended to December 7, 2001. Additionally, MHN and Charter negotiated and eventually stipulated to a Protective Order Regarding Confidential Information. A revised version of the Protective Order was entered on October 25, 2001.

On December 7, 2001, MHN filed its Motion to Dismiss. On December 18, 2001, Charter filed a brief in opposition to MHN's Motion to Dismiss. On January 4, 2002, MHN filed a Reply in Support of its Motion to Dismiss.

## II. JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. § 1334. For the reasons discussed below this is a non-core proceeding under 28 U.S.C. § 157(c)(1).

## III. DISCUSSION

The issue before the Court is whether we must dismiss this adversary proceeding in favor of arbitration. Section 3 of the Federal Arbitration Act ("FAA") provides:

If any suit or proceeding be brought in any of the courts of the United States

7052.

upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, provided that the applicant for the stay is not in default in proceeding with such arbitration.

■ The Supreme Court has found that the FAA is a "congressional declaration of a liberal federal policy favoring arbitration agreements" which is applicable to any arbitration within the coverage of the Act. *Moses H. Cone Mem'l Hospital v. Mercury Constr. Corp.,* 460 U.S. 1, 24, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983); *In re GWI, Inc.,* 269 B.R. 114, 116–17 (Bankr.D.Del. 2001). Therefore, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses,* at 24–25, 103 S.Ct. 927.

The Third Circuit has held that courts have no discretion to deny the enforcement of an arbitration clause in a non-core bankruptcy proceeding. *Hays and Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 885 F.2d 1149, 1155–57 (3d Cir.1989). In so holding, the Court found that the Bankruptcy Code contains no text to suggest that arbitration clauses are unenforceable in non-core adversary proceedings. Nor did the Court find that the purposes of the Code would be offended if arbitration were compelled in a non-core matter. *Id.* at 1157.

■ "The law that defines core and non-core proceedings in this jurisdiction is well established." *In re Peter J. Schmitt Co., Inc.,* 150 B.R. 556, 558 (Bankr.D.Del.1993). Where an adversary proceeding is based upon "a disputed cause of action arising solely under nonbankruptcy law that is independent and antecedent to a Chapter 11 filing [it] is non-core." *Schmitt,* at 558.

MHN asserts and we agree that this adversary proceeding is non-core since Charter's action is to recover a pre-petition account receivable due for medical services rendered under the pre-petition Provider Agreement. *See, e.g., Schmitt,* 150 B.R. at 558–59 (an action to recover pre-petition account receivable is a non-core proceeding).

Charter does not dispute that this proceeding is non-core. Instead, Charter raises two arguments. First, Charter asserts that MHN waived its right to have this proceeding resolved by arbitration. Second, Charter asserts that even if MHN did not waive its right to arbitration, its Motion should be denied because MHN consented to the terms of the Scheduling Order that stipulates that the matter cannot be resolved through arbitration. We reject both of these arguments.

## A. *Waiver of the Right to Arbitrate*

■ Charter asserts that MHN has waived its right to arbitrate by participating in this action and by its significant delay in asserting its right to arbitrate. Charter notes that MHN participated in this proceeding by filing its Answer and responding to Charter's discovery requests. Furthermore, MHN waited approximately six months to raise its right to arbitration. Charter asserts that dismissing this case and referring it to arbitration would cause substantial prejudice, because it has had to participate in discovery to date and will have been significantly delayed in having its dispute heard.

■ In determining whether a party has waived its right to arbitrate, the Third Circuit has held, consistent with the strong federal policy favoring arbitration, that

"waiver 'is not to be lightly inferred,' and waiver will normally be found only 'where the demand for arbitration came long after the suit commenced and when both parties had engaged in extensive discovery.'" *PaineWebber, Inc. v. Faragalli*, 61 F.3d 1063, 1068–69 (3d Cir.1995) (citations omitted). "[P]rejudice is the touchstone for determining whether the right to arbitrate has been waived." *Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 925 (3d Cir.1992).

■ In order to determine whether prejudice exists for a finding of waiver a court should consider the following factors: the timeliness of the motion to arbitrate; the degree to which the moving party has contested the merits of the opponent's claims; whether the moving party has informed its adversary of the intention to seek arbitration; the extent of the moving party's prior non-merits motion practice; the moving party's assent to pretrial orders; and the extent to which both parties have engaged in pre trial discovery. *Hoxworth*, 980 F.2d at 926–27.

Applying this test to the facts of this case, we conclude that MHN has not waived its right to seek arbitration. MHN's participation in this adversary proceeding has been very limited to date. MHN filed an Answer, negotiated a Protective Order regarding confidential information and agreed to the terms of the Scheduling Order. MHN filed its Motion to Dismiss less than four months after it filed its Answer. In addition, this case has not been very active. MHN has not engaged in any motion practice to adjudicate the action on the merits, and has not engaged in extensive discovery aside from seeking patient information under the Protective Order. Charter has not been put to an enormous burden of responding to extensive discovery requests, and since it has not been pressing this case to trial, it is not prejudiced by any delay. Therefore, we conclude that MHN did not waive its right to arbitrate.

**B.** *Consent to Scheduling Order*

■ Charter further asserts that MHN agreed to forego arbitration by agreeing to the Scheduling Order. The Scheduling Order provides that "the parties hav[e] determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation or binding arbitration." (Scheduling Order, p. 1).

The purposes of a scheduling order under Rule 16 are:

(1) expediting the disposition of the action; (2) establishing early and continuing control so that the case will not be protracted because of lack of management; (3) discouraging wasteful pretrial activities; (4) improving the quality of the trial through more thorough preparation, and; (5) facilitating the settlement of the case.

Fed.R.Civ.P. 16(a). MHN asserts that the Scheduling Order in this case is a standard form used to establish relevant deadlines and promulgate case management. MHN further asserts that the language recited by Charter has no bearing on the procedural posture of the case and does not effect a waiver of the right to arbitrate.

We agree. The Scheduling Order merely states that at "this juncture" arbitration is not a viable form of resolution. We cannot interpret that language to mean that MHN waived its right to arbitrate. *See, e.g., PaineWebber*, 61 F.3d at 1068 (waiver not to be lightly inferred). Considering the underlying purposes of Rule 16 and the standardized nature of the Scheduling Order we cannot conclude that MHN waived its right to arbitrate.

IV. *CONCLUSION*

For the foregoing reasons, we grant MHN's Motion to Dismiss in favor of arbitration.

*ORDER*

AND NOW, this **3RD** day of **MAY, 2002,** upon consideration of the Motion of Managed Health Network, Inc. to Dismiss in favor of arbitration and Charter Behavioral System, LLC's Response in Opposition thereto, it is hereby

**ORDERED** that the motion to dismiss filed by Managed Health Network, Inc. is **GRANTED**.