**In re CGE FORD HEIGHTS, L.L.C.**

**CGE FORD HEIGHTS, L.L.C.**

v.

**BROWNING–FERRIS INDUSTRIES OF ILLINOIS, INC.**

**Bankruptcy No. 96–442(HSB).**
**Adversary No. 96–197.**

United States Bankruptcy Court,
D. Delaware.

May 12, 1997.

Norman L. Pernick, Wilmington, DE.

William A. Hazeltine, Wilmington, DE.

HELEN S. BALICK, Chief Judge.

This is the court's decision upon the motion of Browning Ferris Industries of Illinois,

Inc. (BFI) for an entry of an order to stay litigation (docket no. 5).

## I. *Facts*

The following facts appear in the record in this Chapter 11 case or have been admitted in the pleadings, and are sufficient to rule on the motion. These facts consist primarily of the status of this Chapter 11 case and the allegations of a complaint.

### A. *The Status of This Chapter II Case*

CGE Ford Heights is a limited liability company organized pursuant to the Delaware Limited Liability Company Act, for the purposes of developing, owning, constructing and operating a waste to energy facility located in the Village of Ford Heights, Illinois. That facility is designed to burn waste tires to produce electricity. CGE Ford Heights is also constructing a recycling facility on the same site.

CGE Ford Heights filed its Chapter 11 petition in this court on March 26, 1996. No plan has been filed. No claims bar date has been established.

The debtor believes that the economic viability of the Ford Heights facility is premised upon the continued existence of an Illinois statute that may allow the facility to receive a rate for the electricity it produces that is substantially greater than the rate it would otherwise receive. The State of Illinois has repealed this statute, and the debtor is challenging the repeal in an Illinois civil action. The debtor believes the repeal litigation is absolutely critical to the debtor's reorganization. On this basis, the debtor has most recently requested, and received, its third extension of exclusivity pursuant to 11 U.S.C. § 1121(d) to file a plan, through June 20, 1997. *Eg.*, docket no. 107, ¶¶ 8–13.

### B. *The Tire Supply Agreement Dispute*

Plaintiff CGE Ford Heights filed the complaint in this adversary proceeding on November 7, 1996, alleging that BFI has breached a tire supply agreement, a stockpile management agreement, and an equipment lease. Exhibit A to the complaint is a copy of the tire supply agreement. The complaint alleges pre-petition breaches of the tire supply agreement. BFI construes the complaint to also allege a continuing post-petition breach of the tire supply agreement. Count I seeks an order directing BFI to remove from the debtor's property certain tire pieces. Count II seeks damages caused by BFI's failure to remove these tire pieces. There are three other counts to the complaint which do not relate to the tire supply agreement and which the court need not discuss.

BFI's answer denies the relief requested in Counts I and II, and asserts various affirmative defenses. Affirmative defense number 7 asserts the existence of an arbitration clause in the tire supply agreement, and asserts all disputes relating to that agreement should be submitted to arbitration. BFI's answer also asserts CGE Ford Heights breached the tire supply agreement post-petition, and asserts damages of its own as a counterclaim. Discovery has commenced in this adversary proceeding.

### C. *BFI's Motion*

On December 9, 1996, BFI filed this motion for an entry of an order to stay litigation. The motion refers to section XXIII of the tire supply agreement, entitled "Choice of Law/Dispute Resolution." Paragraph (b) of this section states that:

> [A controversy or claim arising under the tire supply agreement, including, but not limited to monetary disputes,] shall be settled by arbitration in accordance with the Center for Public Resources Rules for Non–Administered Arbitration of Business Disputes, by a sole arbitrator. The arbitration shall be governed by the United States Arbitration Act, 9 U.S.C. §§ 1–16, and judgment upon the award rendered by the arbitrator may be entered by any court having jurisdiction thereof.

Docket no. 1, Exhibit A at 18–19. The motion asks this court to stay this adversary

proceeding with respect to Counts I and II pending arbitration.

## II. *Discussion*

Both parties recognize the leading case of *Hays & Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 885 F.2d 1149 (3rd Cir.1989). The *Hays* Court examined the history of the United States Arbitration Act and recognized the strong Congressional policy in favor of arbitration. That Court held that arbitration clauses are enforceable in bankruptcy, and if the underlying proceeding is non-core, that the bankruptcy court has no authority to deny enforcement of the arbitration clause. *Id.* at 1155–57.

If the underlying proceeding is core, the bankruptcy court does have some authority to deny enforcement of the arbitration clause. Where the proceeding is core, the court "must carefully determine whether any underlying purpose of the Bankruptcy Code would be adversely affected by enforcing an arbitration clause and ... should enforce such clause unless that effect would seriously jeopardize the objectives of the [Bankruptcy] Code." *Id.*, at 1161.

■ Thus, if the proceeding BFI wishes to submit to arbitration is non-core, the proceeding will go to arbitration. The debtor has raised several arguments as to why this proceeding is core. They are all without merit. Counts I and II are non-core proceedings. *In re Schmitt*, 150 B.R. 556, 558 (Bankr.D.Del.1993) (order) (citing controlling caselaw).

■ Based on the assumption that the proceedings are core, and in accordance with Hays, the debtor opposes this motion by asserting that several purposes of the Bankruptcy Code would be seriously undermined. Assuming that the court agreed with the debtor on the core issue, it would make no difference to the result on BFI's current motion, as discussed below.

First, the debtor asserts that permitting arbitration to proceed will subject the parties to the potential of receiving inconsistent or contradictory rulings from two adjudicative bodies on the same issues. The debtor refers to a motion BFI filed in this court on December 20, 1996 to compel the debtor to assume or reject its various executory contracts. Case No. 96–442, docket no. 98 ("the motion to compel"). The debtor and the senior secured bondholders have objected to that motion. The debtor believes that in the context of the motion to compel, this court will rule on many of the issues that BFI requests to be decided by arbitration, including the issues of default and damages.

The briefing on the motion to compel was completed on February 13, 1997 (about three months ago) pursuant to a scheduling order. No request for a hearing has been received, and no hearing on the motion to compel has been scheduled. Indeed the senior secured bondholders, in their objection, argue that the motion to compel is premature and should await the outcome of the repeal litigation and a substantive resolution of the tire supply agreement dispute. Docket no. 104, ¶ 2. The debtor makes a similar argument in its objection. Docket no. 101 at 13–15 (status quo should be maintained; no benefit to BFI from assumption as long as facility is demobilized).

Moreover, as BFI points out, the United States Supreme Court considered and rejected a related argument in *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985). In that case, Byrd, an investor, filed a securities law action in United States District Court against Dean Witter, a securities broker-dealer, based upon federal and state law. Dean Witter moved to compel arbitration of the state law claims on the basis of an arbitration clause contained in the underlying customer agreement between Byrd and Dean Witter. Byrd argued that the federal court should be able to disregard the clause because of the possible collateral estoppel effect of the arbitration proceedings on the federal claims. The United States Supreme Court held that the preclusive effect of an arbitration proceeding on federal claims was unclear, and

**828**

that denial of the arbitration clause was unnecessary to protect the federal interest in resolution of federal securities claims. 470 U.S. at 221–223, 105 S.Ct. at 1242–1244.

Similarly, it is unclear here whether there will be two sets of rulings on the same issues, and the ramifications of such rulings. The court concludes in the circumstances of this case that the potential of receiving inconsistent or contradictory rulings does not rise to the level of seriously jeopardizing any objective of the Bankruptcy Code.

The debtor's second argument is that allowing arbitration will engender substantial delay in the resolution of the tire supply agreement dispute. Assuming this to be true, the debtor has not shown any material connection between the alleged additional delay of this controversy and the administration of its Chapter 11 case. Indeed, the debtor has asserted the primary delay in this Chapter 11 case is the Illinois repeal litigation. Finally, the Hays decision suggests that delay alone is insufficient to deny the enforcement of an arbitration clause. 885 F.2d at 1162.

Third, the debtor argues that arbitration will increase administrative costs. The quantity and content of the debtor's filed pleadings relating to this adversary indicate the primary concern of the debtor is not curtailing administrative costs in resolving the dispute arising under the tire supply agreement. Moreover, the United States Supreme Court in the *Dean Witter* case has ruled that a federal court should not substitute its own views of economy and efficiency for those of Congress. 470 U.S. at 217, 105 S.Ct. at 1240–41.

Similarly, the debtor's other arguments do not demonstrate that allowing arbitration will seriously jeopardize any objective of the Bankruptcy Code. The debtor's opposition to the motion is without merit.

III. *Conclusion*

The motion of Browning Ferris Industries of Illinois, Inc. (BFI) for an entry of an order to stay litigation (docket no. 5) is **GRANTED**. This adversary proceeding is **STAYED** as to Counts I and II of the complaint pending arbitration pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1–16. To the extent necessary, the automatic stay of 11 U.S.C. § 362(a) is modified to allow this arbitration process.