In re AMERICAN CLASSIC
VOYAGES, CO., et al.,
Debtors.

ATLANTIC MARINE, INC., Appellant,

v.

AMERICAN CLASSIC VOYAGES,
CO., et al., Appellees.

Bankruptcy No. 01–10954.

No. CIV.A.02–1357–JJF.

United States District Court,
D. Delaware.

Aug. 12, 2003.

Brett D. Fallon, of Morris, James, Hitchens & Williams, LLP, Wilmington, Delaware. Of Counsel: James H. Post and Leanne McKnight, of Smith Hulsey & Busey, Jacksonville, Florida, Counsel for Appellant.

Francis A. Monaco, Jr. and Joseph J. Bodnar, of Walsh Monzack and Monaco, PA, Wilmington, Delaware. Of Counsel: David S. Heller, Josef S. Athanas, Lisa P. Conlon, and Sharone Levy, of Latham & Watkins, Chicago, Illinois, Counsel for Appellees.

## MEMORANDUM OPINION

FARNAN, District Judge.

Before the Court is an appeal by Atlantic Marine, Inc. ("Atlantic Marine") from the Order of the United States Bankruptcy Court for the District of Delaware entered on July 9, 2002 (the "Order"), denying Atlantic Marine's motion to modify the automatic stay so as to allow it to pursue its contract claims against the Debtors pursuant to the arbitration and forum selection clauses in that contract. By its appeal, Atlantic Marine raises three argu-

ments: (1) the Bankruptcy Court did not have the discretion to deny the enforcement of the arbitration provision in the absence of a showing that arbitration would seriously jeopardize an underlying objective of the Bankruptcy Code; (2) the Bankruptcy Court erred in ignoring the forum selection clause in the contract; (3) the Bankruptcy Court erred in denying the motion to modify the automatic stay based on Atlantic Marine's interest in liquidating its contract cause of action in another form, and in the absence of prejudice to the estate and interference with the bankruptcy proceedings. For the reasons set forth below, the Court will reverse the decision of the Bankruptcy Court and remand this matter for further proceedings consistent with this Memorandum Opinion.

## I. The Parties' Contentions

The instant appeal arises in connection with Atlantic Marine's alleged prepetition claims for breach of contract against the Debtors. American Marine and the Debtors entered into a contract for the construction of two vessels, the c/v Cape May Light and the c/v Cape Cod Light (the "Vessel"). American Marine contends that it properly terminated the contract after the Debtors filed for bankruptcy, and the Debtors owe American Marine progress payments for reaching certain milestones with respect to the construction of the Vessel. The Debtors contend that these progress payments are not due because American Marine breached the contract by failing to construct the Vessel's galley according to the specifications required by the Federal Government. By stipulation, the parties agreed to allow American Marine to exercise its rights to the Vessel. Thereafter, American Marine filed a motion requesting the Bankruptcy Court to permit it to pursue litigation against the Debtors on its breach of contract claims in federal court in Orlando, Florida, or in the alternative, to commence arbitration against the Debtors in Orlando, Florida. The Bankruptcy Court denied Atlantic Marine's motion, and this appeal followed.

By its appeal, Atlantic Marine contends that the Bankruptcy Court erred in denying to enforce the arbitration provision in the contract between Atlantic Marine and the Debtors. According to American Classic, the Bankruptcy Court had no discretion to deny enforcement of the arbitration provision, because the Federal Arbitration Act establishes a federal policy favoring arbitration, and courts, as a general policy matter, favor the enforcement of arbitration clauses in both core and non-core bankruptcy proceedings, unless enforcement of the clause would "seriously jeopardize the objectives of the [Bankruptcy] Code." *CGE Ford Heights, L.L.C. v. Browning–Ferris Industries of Illinois,* 208 B.R. 825, 827 (Bankr.D.Del.1997) (citations omitted).

In addition, Atlantic Marine contends that the Bankruptcy Court erred in denying its motion to modify the automatic stay so as to permit enforcement of the forum selection clause. According to Atlantic Marine, courts have applied a presumption of validity to forum selection clauses absent evidence of fraud, overreaching or the violation of a strong public policy like making the forum so inconvenient as to deprive a litigant of his or her day in court. *See e.g. Coastal Steel v. Tilghman Wheelabrator Ltd.,* 709 F.2d 190, 202 (3d Cir.1983); *Manrique v. Fabbri,* 493 So.2d 437, 440 n. 4 (Fla.1986). Atlantic Marine contends that the Debtors did not argue or present any evidence establishing that the selected forum of Orlando, Florida would be so inconvenient as to be unreasonable, and therefore, the Bankruptcy Court erred in modifying the automatic stay to permit Atlantic Marine to commence litigation against the Debtors for breach of contract.

In response, the Debtors contend that American Marine's argument that it is en-

titled to arbitration is not "ripe." According to the Debtors, they have not yet reviewed all of the proofs of claims that have been filed, and American Marine will have a chance to request arbitration if the Debtors object to the proof of claim. The Debtors maintain that the cases cited by American Marine are distinguishable, because they involve situations in which the debtor has either filed an adversary action or an objection and not a situation like here in which the creditor has simply filed a proof of claim.

In the alternative, the Debtors contend that even if American Marine's alleged right to arbitration was ripe for adjudication, American Marine would not be entitled relief. The Debtors have already permitted American Marine to lift the automatic stay so that it can exercise its rights with regard to the Vessel. The Debtors maintain that this is a core bankruptcy proceeding under the jurisdiction of the Bankruptcy Court, and an additional modification to the stay so as to allow American Marine to pursue litigation against the Debtors in Florida or to arbitrate their claim would deplete the Debtors' limited resources, prejudice the Debtors' estate and other creditors, and be contrary to the policies behind the automatic stay of providing the Debtor with a respite from creditors.

## II. Standard of Review

■ The Court has jurisdiction to hear an appeal from the Bankruptcy Court pursuant to 28 U.S.C. § 158(a). In undertaking a review of the issues on appeal, the Court applies a clearly erroneous standard to the Bankruptcy Court's findings of fact and a plenary standard to its legal conclusions. *See Am. Flint Glass Workers Union v. Anchor Resolution Corp.,* 197 F.3d 76, 80 (3d Cir.1999). With mixed questions of law and fact, the Court must accept the Bankruptcy Court's finding of "historical or narrative facts unless clearly

erroneous, but exercise[s] 'plenary review of the trial court's choice and interpretation of legal precepts and its application of those precepts to the historical facts.'" *Mellon Bank, N.A. v. Metro Communications, Inc.,* 945 F.2d 635, 642 (3d Cir.1991) (citing *Universal Minerals, Inc. v. C.A. Hughes & Co.,* 669 F.2d 98, 101–02 (3d Cir.1981)). The appellate responsibilities of the Court are further understood by the jurisdiction exercised by the Third Circuit, which focuses and reviews the Bankruptcy Court decision on a *de novo* basis in the first instance. *In re Telegroup,* 281 F.3d 133, 136 (3d Cir.2002).

■ In reviewing decisions denying relief from the automatic stay provisions of the Bankruptcy Code, it is well-established that courts apply the abuse of discretion standard. *In re FRG,* 115 B.R. 72, 73 (E.D.Pa.1990). An abuse of discretion exists whenever a judicial action is "arbitrary, fanciful, or unreasonable, or when improper standards, criteria, or procedures are used." *Id.* (citations omitted).

## III. DISCUSSION

■ After reviewing the decision of the Bankruptcy Court under the abuse of discretion standard, the Court concludes that the Bankruptcy Court erred in failing to apply the appropriate balancing test for determining whether to lift the automatic stay. Section 362(d)(1) of the Bankruptcy Code permits the Bankruptcy Court to lift or modify the automatic stay "for cause." To establish cause, the party seeking relief from the stay must show that "the balance of hardships from not obtaining relief tips significantly in [its] favor." *In re FRG,* 115 B.R. at 74.

■ Examining arbitration clauses specifically, the Third Circuit has recognized that the bankruptcy court has no authority to deny enforcement of an arbitration clause in a non-core proceeding. *Hays & Co. v. Merrill Lynch, Pierce, Fen-*

*ner & Smith, Inc.*, 885 F.2d 1149, 1155–1157 (3d Cir.1989). Where, as here, the proceeding is a core proceeding; however, the bankruptcy court does have some discretion to deny enforcement of the arbitration clause. In these circumstances, the court "must carefully determine whether any underlying purpose of the Bankruptcy Code would be adversely affected by enforcing an arbitration clause and ... should enforce such clause unless that effect would seriously jeopardize the objectives of the [Bankruptcy] Code." *Id.* at 1161.

■ In examining whether to lift or modify the stay in this case to allow Atlantic Marine to pursue litigation or arbitration against the Debtors, the Bankruptcy Court stated:

> I agree ... that it's more efficient to have it all in one place, and that place is here. By filing the claim, this Creditor [Atlantic Marine] has submitted to the jurisdiction of the Bankruptcy Court for all matters and therefore, the Motion for Relief from Stay will be denied. The Debtors' attorneys prepare an Order. It will not be necessary to put findings and conclusion in the Order.

(D.I. 12 at B–402). The Court concludes that the Bankruptcy Court did not engage in the balancing test necessary to determine whether the stay should be lifted for cause and did not consider whether enforcement of the arbitration clause would jeopardize the objectives of the Bankruptcy Code. Further, at the time of the hearing, the Debtors were not opposed to arbitration, provided that the arbitration resolve all matters between the parties. Given the strong federal policy favoring arbitration and the parties' apparent positions in favor of arbitration at the Bankruptcy Court hearing, the Court concludes that further analysis concerning the enforcement of the arbitration provision was warranted. In sum, the Court

concludes that the Bankruptcy Court failed to apply the appropriate legal standards to adjudicate the issues before it, and therefore, the Court will remand this matter to the Bankruptcy Court for further proceedings consistent with this Memorandum Opinion.

## IV. CONCLUSION

For the reasons discussed, the Court will reverse the July 9, 2002 Order of the Bankruptcy Court and remand this matter to the Bankruptcy Court for further proceedings consistent with this Memorandum Opinion.