In re PHICO GROUP, INC., Debtor.

Phico Group, Inc., Plaintiff,

v.

Barry Persofsky, Michael P. Sullivan, Judith L. Anderson, Richard Kisielewski, Maynard R. Stufft, Richard J. Agostini, and Gary J. Schultz, Defendants.

Bankruptcy No. 1–01–06636.
Adversary No. 1–02–00033A.

United States Bankruptcy Court,
M.D. Pennsylvania.

Nov. 20, 2003.

Thomas P. Brogan, Harrisburg, PA, for Plaintiff/Debtor.

Robert F. O'Brien, Cherry Hill, NJ, for Defendant, Barry Persofsky.

## OPINION [1]

JOHN J. THOMAS, Chief Judge.

Defendant, Barry Persofsky, filed a motion to lift the automatic stay in the above referenced adversary proceeding. For the reasons stated below, Persofsky's request to lift the automatic stay is granted.

### BACKGROUND

Prior to Debtor's bankruptcy, Persofsky filed a cause of action in state court against Debtor and certain officers and directors based on an alleged breach of his employment agreement. Persofsky demanded arbitration against his named defendants based on a provision in the agreement and the matter was assigned an American Arbitration Association case number. After Debtor's bankruptcy petition was filed, Persofsky filed a proof of claim against Debtor "in excess of $2,000,-000." [2]

Debtor filed this adversary proceeding against the above referenced Defendants (former employees) seeking declaratory and injunctive relief along with a motion for a preliminary injunction preventing them from prosecuting their causes of actions against its directors and officers.

1. Drafted with the assistance of Wendy E. Morris, Law Clerk.

2. Persofsky's April 8, 2002 proof of claim replaced his January 28, 2002 filed claim.

Persofsky attached the following to his replacement claim: (1) itemized statement; (2) employment agreement; (3) arbitration demand.

Persofsky filed a request that the automatic stay be lifted in order to arbitrate his cause of action against Debtor and its directors and officers.[3] An order was entered on October 7, 2003 denying Persofsky's request without prejudice.

During a telephone conference on October 24, 2003, Persofsky's counsel restated the original request to lift the automatic stay after informing the Court that Persofsky is only seeking arbitration against the Debtor and not its directors or officers despite language to the contrary in the original request for relief.

Persofsky puts forth the argument that this Court lacks jurisdiction to hear his cause of action because it is a non-core proceeding. He contends that case law and federal policy support his position that his cause of action against Debtor should proceed through the arbitration process.

Debtor, however, argues that permitting the parties to arbitrate a core issue in the underlying bankruptcy case would conflict with the multiple policies and purposes of the Bankruptcy Code. In addition, arbitration would result in a depletion of Debtor's assets, delay resolution of the case and bypass the claims allowance process resulting in a significant hardship on Debtor and its creditors.

A proper resolution of this matter involves a thorough analysis of this Court's adjudicatory power over Persofsky's cause of action and whether discretion exists to deny enforcement of an arbitration clause against Debtor.

## DISCUSSION

### JURISDICTION

■ A Bankruptcy Court has jurisdiction to hear and enter final orders in a case under title 11 and core proceedings "arising under title 11, or arising in a case under title 11." See 28 U.S.C. § 157(b)(1). Although Congress does not define what a core proceeding is, the Third Circuit outlined a two step analysis in *Halper. See Halper v. Halper*, 164 F.3d 830 (3d Cir. 1999). First, a court must review section 157(b)(2) of title 28 of the United States Code and determine if the proceeding at issue falls under any of the illustrative examples delineated therein. *See id.* at 836; 28 U.S.C. § 157(b)(2). If not, the court must determine if the proceeding "[1] invokes a substantive right provided by title 11 or [2] if the proceeding, that by its nature, could arise only in the context of a bankruptcy case." *Halper*, 164 F.3d at 836.

■ Non-core proceedings, however, concern matters that do not arise under title 11 but are nevertheless "related to" a bankruptcy case. *See* 28 U.S.C. § 157(c)(1). If the proceeding "does not involve a substantive right created by the bankruptcy laws and would exist outside of bankruptcy, it is a non-core proceeding even though it may be related to bankruptcy." *Hays & Co. v. Merrill Lynch, Pierce,*

---

**3.** Persofsky's motion to lift the automatic stay is embedded in the "CONCLUSION" of "DEFENDANT BARRY PERSOFSKY'S MEMORANDUM OF LAW IN OPPOSITION TO DEBTOR'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND MOTION FOR PRELIMINARY INJUNCTION AND DEFENDANT PERSOFSKY'S MOTION FOR A LIFT OF THE AUTOMATIC STAY TO PROCEED IN ARBITRATION." The pertinent language provides: "Furthermore, it is respectfully requested that the automatic stay be lifted and Defendant Persofsky be permitted to proceed with his action against the Debtor and Non–Debtor Officers and Directors in Arbitration." (Doc. A13 at 16). Despite Persofsky's unorthodox pleading, the Court elected to accept the submission as a motion for relief from the automatic stay during a telephone conference with the parties on August 19, 2002.

*Fenner & Smith, Inc.*, 885 F.2d 1149, 1157 n. 9 (3d Cir.1989)(citing *Matter of Wood,* 825 F.2d 90, 97 (5th Cir.1987)). "[T]he test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could *conceivably* have any effect on the estate being administered in bankruptcy." *Halper,* 164 F.3d at 837 (emphasis added) (citation omitted). Without the parties assent to jurisdiction, a bankruptcy court's power to adjudicate non-core matters is limited to hearing disputes and submitting proposed findings of facts and conclusions of law to the district court for final disposition. *See Id.* at 836; 28 U.S.C. § 157(c)(2).

■ Debtor argues that Persofsky's cause of action is a core proceeding because it concerns the allowance or disallowance of a claim against the estate, which is specifically listed in 28 U.S.C. § 157(b) as a core matter. Debtor insists that Persofsky's filing of a proof of claim transformed his arbitration action against it into a core proceeding subject to this Court's jurisdiction. This is in addition to Debtor's belief that Persofsky's cause of action implicates an important substantive limitation provided by title 11 that an employee's claim for damages is limited by 11 U.S.C. § 502(b)(7). In contrast, Persofsky argues that the proceeding does not invoke a substantive right created by the Code since a pre-petition contract claim "only [relates] peripherally to the bankruptcy itself" and is therefore a non-core proceeding subject only to this court's limited jurisdiction.

Although Persofsky's argument possesses some merit, it is not applicable in this instance. It is quite evident that Persofsky's cause of action concerns contractual rights and obligations between the parties which are to be determined under state law. Normally, this alone would categorize the matter as a non-core proceeding, which in turn would limited this Court's jurisdiction. *See Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 56, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989)(Court stated that causes of action for breach of contract are matters within the protected core of Article III judicial power—not the bankruptcy court). However, Persofsky's voluntary act of filing a proof of claim against Debtor's estate "triggered the process of 'allowance and disallowance of claims,' thereby subjecting himself to the bankruptcy court's equitable power." *Langenkamp v. Culp,* 498 U.S. 42, 44, 111 S.Ct. 330, 112 L.Ed.2d 343 (1990)(citing *Granfinanciera, supra* ).[4] The process of whether to allow or disallow a claim falls squarely within this Court's core jurisdiction under 28 U.S.C. § 157(b)(2)(B). Persofsky submitted his proof of claim based on his cause of action against Debtor to this Court for determination of its validity and this Court

---

4. This principle has been further developed by the Second, Third, Fifth and Sixth Circuit Courts. *See e.g. Gulf States Exploration v. Manville Forest Products Corp. (In re Manville Forest Products Corp.),* 896 F.2d 1384, 1389–90 (2d Cir.1990)(holding that "when a creditor files a proof of claim, the bankruptcy court has core jurisdiction to determine that claim, even if it was a pre-petition contract claim arising under state law"); *Southeastern Sprinkler Co., Inc. v. Meyertech Corp. (In re Meyertech Corp.),* 831 F.2d 410, 418 (3d Cir. 1987)(Court reasoned that creditor's filing a proof of claim on a pre-petition breach of contract action created an action in bankruptcy court that "[b]y its very nature [ ] fits directly under the more specific definition of a core proceeding under § 157(b)(2)(B) ...."); *Wood v. Wood (In re Wood),* 825 F.2d 90, 97–98 (5th Cir.1987)(holding that because creditor did not file a proof of claim on a pre-petition contract matter, the peculiar powers of the bankruptcy court had not been invoked); *Atassi v. McLaren (In re McLaren),* 990 F.2d 850, 850–53 (6th Cir.1993)(holding that a lawsuit by a third party creditor against the estate is a core proceeding).

possesses the power to enter final orders with respect to such. *Accord Wood,* 825 F.2d at 97.

Because Persofsky's cause of action against Debtor represents a core proceeding, the next issue involves determining whether this Court has the discretion to deny enforcement of a contractual obligation to arbitrate.

### ARBITRATION

Persofsky requests allowance to arbitrate his cause of action against Debtor in his embedded motion to lift the automatic stay based on the strong federal policy in support of arbitration.

■■■ The Third Circuit Court recognized in *Hays* that the Arbitration Act mandates enforcement of arbitration agreements between contracting parties. *See Hays,* 885 F.2d at 1156 (citing *Shearson/American Express v. McMahon,* 482 U.S. 220, 226–27, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987)); *see also* 9 U.S.C. § 3. Citing the Supreme Court's holding in *McMahon,* the Third Circuit Court reiterated that:

the Arbitration Act's mandate may be overridden by a contrary congressional demand. *The burden is on the party opposing arbitration, however to show that Congress intended to preclude a waiver of judicial remedies for the statutory rights at issue.* (citations omitted). If Congress did intend to limit or prohibit waiver of a judicial forum for a particular claim, such an intent "will be deducible from [the statute's] text or

legislative history," or from an inherent conflict between arbitration and the statute's underlying purposes.

*Hays,* 885 F.2d at 1156 (citing *McMahon,* 482 U.S. at 226–27, 107 S.Ct. 2332).

■■■ Although the *Hays* Court dealt with whether a *district* court lacked authority and discretion to deny enforcement of an arbitration clause in a *non-core* proceeding, the same analysis would apply with respect to this Court's discretion concerning core proceedings.[5] The *Hays* Court stated that:

The message we get from these [Supreme Court cases] is that we must carefully determine whether any underlying purpose of the Bankruptcy Code would be adversely affected by enforcing an arbitration clause and that we should enforce such a clause unless that effect would seriously jeopardize the objectives of the Code.

*Hays,* 885 F.2d at 1161. Any potential adverse impact on core proceedings—resulting in inefficient delay, duplicate proceedings, or collateral estoppel effect—must be substantial enough to override the federal policy favoring arbitration. *See id.* at 1158.

■■■ Debtor suggests that allowing Persofsky to proceed to arbitration would conflict with the purposes of the Code— "centralized resolution of pure bankruptcy issues, protection of creditors and reorganizing debtors from piecemeal litigation and the power of the bankruptcy court to enforce its own orders." This is in addi-

---

5. Debtor's argument that the Third Circuit's decision in *Zimmerman v. Continental Airlines, Inc.,* 712 F.2d 55 (3d Cir.1983), is controlling in this core proceeding is unpersuasive. Although the issue in *Hays* concerns the level of discretion a district court has in non-core matters, the Court discounted its decision in *Zimmerman* by pointing out that its legal analysis was based on an outdated statu-

tory scheme and that it was decided *before* the Supreme Court issued its opinion in *McMahon* and other arbitration cases interpreting the Arbitration Act. *See Hays,* 885 F.2d at 1159–60. These cases overturned the Supreme Court's prior position in *Wilko v.Swan,* 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953)—the case which the *Zimmerman* Court explicitly relied upon. *Id.* at 1160.

tion to its belief that enforcement of the clause would deplete the Debtor's assets and delay the resolution of the core bankruptcy proceedings.

Despite Debtor's protestations and Persofsky's filing of a proof of claim, the Court is not convinced from the record in this adversary proceeding that allowing the parties to continue through the arbitration process would result in an adverse impact on the core proceedings in the underlying bankruptcy case. The record fails to indicate that any adverse issues amounting to either inefficient delay or duplicate proceedings would be substantial enough to override the strong federal policy of enforcing arbitration clauses. Furthermore, there is nothing on the record which indicates that the costs associated with arbitrating Persofsky's claim would result in either a substantial depletion of Debtor's estate or a significant hardship.

The Court grants Persofsky's motion to lift the automatic stay in order to proceed to arbitration against Debtor for the above stated reasons.

An Order will follow.

### ORDER

For those reasons indicated in the Opinion filed this date, **IT IS HEREBY**

**ORDERED** that the restated request to lift the automatic stay by counsel for Barry Persofsky is **GRANTED.**