**In re NORTHWESTERN CORP., Debtors.**

**Richard R. Hylland, Appellant,**

**v.**

**Northwestern Corp., Appellee.**

**Bankruptcy No. 03–12872–CGC.**
**Civil No. 04–111–JJF.**

United States District Court,
D. Delaware.

Jan. 7, 2005.

---

John D. Demmy, Esquire, Thomas G. Whalen, Jr. Esquire of Stevens & Lee, P.C., Wilmington, DE, of Counsel: Barbara Jean D'Aquila, Esquire; Cynthia A. Bremer, Esquire, and Patrick R. Martin, Esquire of Flynn, Gaskins & Bennett, L.L.P., Minneapolis, MN, for Appellant.

Scott D. Cousins, Esquire, William E. Chipman, Jr., Esquire, Paul D. Brown, Esquire and C. Michael Terribile, Esquire of Greenberg Traurig, LLP, Wilmington, DE, of Counsel: Jesse H. Austin, III, Esquire and Karol K. Denniston, Esquire of Paul, Hastings, Janofsky & Walker, LLP, Atlanta, GA, for Appellee.

## MEMORANDUM OPINION

FARNAN, District Judge.

Presently before the Court is an appeal by Appellant, Richard R. Hylland, from the January 13, 2004 Order (the "Order") of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") denying Appellant's motion for relief from the automatic stay. In response to the appeal, the Debtor, NorthWestern Corporation ("NorthWestern" or "the Debtor") filed a Motion To Dismiss Appeal (D.I.7) and a Request For Judicial Notice In Support Of (A) Appellee's Motion To

Dismiss Appeal And (B) Appellee's Brief (D.I.9). For the reasons discussed, the Court will deny NorthWestern's Motion To Dismiss Appeal, deny NorthWestern's Request For Judicial Notice, and reverse the January 13, 2004 Order of the Bankruptcy Court and remand this matter to the Bankruptcy Court for an order directing the parties to resume the previously commenced arbitration proceedings.

## I. THE PARTIES' CONTENTIONS

### A. *The Motion To Dismiss*

By its Motion To Dismiss Appeal, NorthWestern contends that the Bankruptcy Court's Order denying "without prejudice" Appellant's motion to lift the automatic stay and allowing Appellant to "seek relief from stay on a renewed basis at the earlier of (i) confirmation of a plan of reorganization or (ii) filing of the Debtor's first objection to unsecured claims generally" is not a final, appealable order. (Order dated 1/13/04 at 1–2). NorthWestern contends that the Bankruptcy Court's Order did not reject Appellant's legal position, but delayed its resolution until a more appropriate time in the case. Thus, NorthWestern contends that under the Third Circuit's pragmatic approach for determining finality in bankruptcy appeals, the Bankruptcy Court's Order is not final, and therefore, not subject to appeal.

In response, Appellant contends that the Bankruptcy Court's order is final and appealable, because the Bankruptcy Court adjudicated the merits of his legal position by concluding that Appellant's claim is a core matter. Appellant contends that this conclusion is erroneous, and the Bankruptcy Court failed to apply the appropriate test for evaluating agreements to arbitrate in non-core claims. In the alternative, even if the Bankruptcy Court was correct in its characterization of Appellant's claim as core, Appellant contends that the Bank-

ruptcy Court failed to apply Third Circuit standards for the enforcement of arbitration agreements. Appellant contends that, although the order is without prejudice to Appellant filing a renewed motion, the Order is not conditioned upon additional factual filings or proceedings, and no further work is left for the Bankruptcy Court to do with respect to Appellant's Motion. Therefore, under the Third Circuit's pragmatic approach to the appealability of Bankruptcy Court orders, Appellant contends that the Order is final and appealable.

### B. *The Appeal And Related Motion For Judicial Notice*

By his appeal, Appellant contends that the Bankruptcy Court erred in denying his motion to lift the automatic stay so as to allow Appellant to proceed with the arbitration that had been scheduled to resolve his pre-petition claim based on his employment contract with NorthWestern. Specifically, Appellant contends that the Bankruptcy Court erred in concluding that Appellant's claim is a core matter. Appellant maintains that his claim is a non-core proceeding, and that under the principles set forth in *Hays & Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 885 F.2d 1149, 1156 (3d Cir.1989), the Bankruptcy Court must enforce the parties' arbitration agreement. In the alternative, even if his proceeding is considered a core proceeding, Appellant contends that the Bankruptcy Court erred in failing to apply the *Hays* analysis which requires an assessment of whether enforcing arbitration would "seriously jeopardize" the objectives of the Bankruptcy Code.

In response, NorthWestern reiterates its contention that this appeal should be dismissed, because the Bankruptcy Court's Order is not final. In addition, NorthWestern contends that the Bankruptcy

Court did not abuse its discretion in denying Appellant's request for relief from the automatic stay, because Appellant failed to establish cause to lift the stay, and lifting the stay would prejudice NorthWestern by directing its resources away from its reorganization effort. NorthWestern also contends that the Bankruptcy Court correctly concluded that Appellant's proceeding is a core proceeding, and therefore, the Bankruptcy Court was within its discretion to deny enforcement of the arbitration agreement. In this regard, NorthWestern urges the Court to take judicial notice of the fact that Appellant filed proofs of claim in NorthWestern's bankruptcy proceeding thereby transforming his pre-petition employment claim into a core claim.

In reply to NorthWestern's arguments, Appellant contends that it is inappropriate for the Court to take judicial notice of the fact that Appellant filed proofs of claim in the underlying Bankruptcy. Appellant contends that this fact arose after the appeal, and therefore, it should not be considered by the Court. Appellant further argues that his proofs of claim reserved his rights with respect to seeking arbitration, and therefore, the filing of his proofs of claim is irrelevant to the determination of whether his claim is core or non-core.

## II. DISCUSSION

### A. *Whether NorthWestern's Motion To Dismiss Should Be Granted*

■ The Court has jurisdiction to hear appeals "from final judgments, orders, and decrees" of the Bankruptcy Court. 28 U.S.C. § 158(a)(1). In the context of bankruptcy appeals, the Third Circuit has set forth a flexible, pragmatic approach to determining whether an order of the Bankruptcy Court is final. *In re West Electronics, Inc.*, 852 F.2d 79, 81 (3d Cir.1988). Under this approach, the Court may consider a variety of factors including

but not limited to (1) whether the order leaves additional work to be done by the Bankruptcy Court; (2) whether the order implicates purely legal issues; (3) the impact of the Bankruptcy Court's order upon the assets of the debtor's estate; (4) the necessity for further fact-finding on remand to the Bankruptcy Court; (5) the preclusive effect of the District Court's decision on the merits of subsequent litigation; and (6) the furtherance of judicial economy. *U.S. v. Pelullo*, 178 F.3d 196, 200–201 (3d Cir.1999); *West Electronics*, 852 F.2d at 82; *In re Eagle Enterprises Inc.*, 265 B.R. 671, 677 (E.D.Pa.2001). A particular number or combination of factors is not required for the Court to conclude that an order is final and appealable. This flexible approach applies to Bankruptcy Court orders denying relief from the automatic stay, including orders that are denied without prejudice. *See West Electronics*, 852 F.2d at 82 (concluding that bankruptcy court's order was final and appealable, even though application to lift stay was denied without prejudice where consequence of bankruptcy court's decision was to reject the party's legal position).

■ In this case, NorthWestern contends that the Bankruptcy Court's order is not final, because the Bankruptcy Court denied Appellant's motion to lift the automatic stay without prejudice, and retained jurisdiction over matters arising from the implementation of the Order. In addition, NorthWestern points out that the Bankruptcy Court permitted Appellant to renew his application for relief from stay stating that "[a]t a later, more appropriate time, Appellant is free to seek relief from stay on a renewed basis to urge that the appropriate vehicle for resolution of his claim is through arbitration."

Although certain language in the Bankruptcy Court's Memorandum Decision and

Order suggests a lack of finality, the Court concludes that, taken in the context of the remaining portions of the decision, the Bankruptcy Court's Order is final and appealable. Specifically, the Bankruptcy Court made a legal determination concerning the characterization of Appellant's claim as core, and the Bankruptcy Court made a legal decision not to apply the *Hays* analysis to core proceedings in which arbitration is sought to be compelled. In so doing, the Bankruptcy Court rejected Appellant's legal position that the Bankruptcy Court was without discretion to enforce the arbitration agreement between the parties. The Bankruptcy Court also rejected Appellant's legal position that the *Hays* analysis applies to core proceedings. While the Bankruptcy Court indicated that it would evaluate Appellant's claim for arbitration on a renewed basis, the passage of time will not change the Bankruptcy Court's conclusion that the proceeding is core and will not change the Bankruptcy Court's analysis with respect to the non-application of *Hays*. The Bankruptcy Court's decision is not conditioned on additional factual findings or proceedings, and no further work is left for the Bankruptcy Court to do with respect to Appellant's motion, unless Appellant moves for relief. Thus, while Appellant may initiate further proceedings on the part of the Bankruptcy Court by filing a renewed motion to lift the stay, no further work is required by the Bankruptcy Court.

Further, the Court is persuaded that the interests of judicial economy will be better served by treating the instant Order as a final, appealable Order. The Bankruptcy Court's conclusion that Appellant's claim is core affects the manner in which the Bankruptcy Court will adjudicate any renewed motions by Appellant for arbitration. Thus, the interests of judicial economy will be served by having a determination at this juncture as to whether the Bankrupt-

cy Court applied the correct analysis on the underlying legal question of whether Appellant's claim is core or non-core. Accordingly, the Court concludes that the Bankruptcy Court's Order is a final, appealable order over which this Court has jurisdiction to review under 28 U.S.C. § 158(a)(1).

**B. *Whether Appellant Is Entitled To Relief On The Merits Of His Appeal***

In undertaking a review of the issues on appeal, the Court applies a clearly erroneous standard to the Bankruptcy Court's findings of fact and a plenary standard to its legal conclusions. *See Am. Flint Glass Workers Union v. Anchor Resolution Corp.*, 197 F.3d 76, 80 (3d Cir. 1999). With mixed questions of law and fact, the Court must accept the Bankruptcy Court's finding of "historical or narrative facts unless clearly erroneous, but exercise[s] 'plenary review of the trial court's choice and interpretation of legal precepts and its application of those precepts to the historical facts.'" *Mellon Bank, N.A. v. Metro Communications, Inc.*, 945 F.2d 635, 642 (3d Cir.1991) (citing *Universal Minerals, Inc. v. C.A. Hughes & Co.*, 669 F.2d 98, 101–02 (3d Cir.1981)). The appellate responsibilities of the Court are further understood by the jurisdiction exercised by the Third Circuit, which focuses and reviews the Bankruptcy Court decision on a *de novo* basis in the first instance. *In re Telegroup*, 281 F.3d 133, 136 (3d Cir.2002).

In reviewing decisions denying relief from the automatic stay provisions of the Bankruptcy Code, it is well-established that courts apply the abuse of discretion standard. *In re American Classic Voyages, Co.*, 298 B.R. 222, 225 (D.Del.2003); *In re FRG*, 115 B.R. 72, 73 (E.D.Pa.1990).

An abuse of discretion exists whenever a judicial action is "arbitrary, fanciful, or unreasonable, or when improper standards, criteria, or procedures are used." *Id.* (citations omitted).

■ After reviewing the parties' arguments in light of the applicable law and standard of review, the Court concludes that the Bankruptcy Court erred in its characterization of Appellant's claim and in its related analysis concerning enforcement of the arbitration clause and lifting the stay. The Bankruptcy Court based its decision to decline to lift the stay on the conclusion that Appellant's claim was a core matter over which the Bankruptcy Court had discretion to determine whether arbitration was appropriate. While the Bankruptcy Court correctly turned to the Third Circuit's decision in *Halper* to determine whether Appellant's claim is core, the Court concludes that the Bankruptcy Court misapplied the *Halper* criteria. *Halper v. Halper*, 164 F.3d 830, 836–837 (3d Cir.1999).

■ As the Third Circuit stated in *Halper*

To determine whether a proceeding is a "core" proceeding, courts of this Circuit must consult two sources. First, a court must consult § 157(b). Although § 157(b) does not precisely define "core" proceedings, it nonetheless provides an illustrative list of proceedings that may be considered "core." Second, the court must apply this court's test for a "core" proceeding. Under that test, "a proceeding is core [1] if it invokes a substantive right provided by title 11 or [2] if it is a proceeding, that by its nature, could arise only in the context of a bankruptcy case." * * * Non-core proceedings include the broader universe of all proceedings that are not core proceedings but are nevertheless "related to" a bankruptcy case.

*Id.* at 836 (internal citations omitted). The Bankruptcy Court concluded that Appellant's claim met the requirements of Section 157(b)(2)(B), but the Court disagrees. Appellant's claim is a pre-petition, state law, employment contract claim. Appellant did not file proofs of claim in this matter until after this appeal, and therefore, the Court concludes that Section 157(b)(2)(B) was not implicated at the time the Bankruptcy Court issued its decision.[1] *In re S.G. Phillips Constructors, Inc.*, 45

---

1. By separate Motion, NorthWestern urges the Court to take judicial notice of the fact that Appellant filed proofs of claim subsequent to this appeal. The Court declines to take judicial notice of these filings, because the filing of a proof of claim in the circumstances of this case is not dispositive of whether the claim is core or non-core. While courts have concluded that the filing of a proof of claim can transform a non-core claim into a core claim, courts have also recognized that where, as here, the proof of claim contains a reservation of rights and is filed under the compulsion of the bar date, the proof of claim does not necessarily operate to transform a non-core claim into a core claim. *See e.g. In re Mid–Atlantic Handling Systems, LLC*, 304 B.R. 111 (Bankr.D.N.J. 2003) (concluding that filing of proof of claim with reservation of rights does not necessarily transform pre-petition state law claims into core proceedings, particularly where claim was filed on the eve of the bar date). In the Court's view, an analysis of the contents of the proofs of claim with particular emphasis on the language contained in the reservation of rights is required to make the determination of whether these later filed proofs of claim are sufficient to transform Appellant's claim into a core claim. As NorthWestern acknowledges, the Court cannot take judicial notice of the contents of the filing, but only of the fact that a proof of claim was filed. Because the fact that proofs of claim were filed is not dispositive here in light of the reservation of rights and other circumstances, including the timing of the proof of claim, the Court declines to take judicial notice of the filings.

F.3d 702, 704, 707 (2d Cir.1995) (recognizing that filing of proof of claim triggers Section 157(b)(2)(B) and transforms prepetition contract claim arising under state law into core matter); *see also In re G.I. Indus., Inc.*, 204 F.3d 1276, 1279 (9th Cir. 2000) (discussing bankruptcy court jurisdiction and noting that "[t]he filing of a proof of claim is the prototypical situation involving the 'allowance or disallowance of claims against the estate,' a core proceeding under 28 U.S.C. 157(b)(2)"). Further, under the second part of the *Halper* test, the Court likewise concludes that Appellant's claim is non-core. The matter does not implicate substantive rights arising under Title 11, and the action is not a proceeding which could only arise by virtue of the Debtor's bankruptcy. Accordingly, the Court concludes that the Bankruptcy Court erred in concluding that Appellant's claim was a core proceeding.

 Because Appellant's claim was not a core proceeding, the Bankruptcy Court was required to apply the *Hays* analysis and determine "whether any underlying purpose of the Bankruptcy Code would be adversely affected by enforcing an arbitration clause and ... enforce such a clause unless that effect would seriously jeopardize the objectives of the Code." [2] *Hays*, 885 F.2d at 1161. In addition, the Bankruptcy Court was required to determine whether the Debtor carried its burden of showing that the text, legislative history, or purpose of the Bankruptcy Code conflicts with the enforcement of the arbitration clause in a non-core proceeding. *Id.* at 1156. The Bankruptcy Court did not perform this analysis and instead looked to whether Appellant demonstrated cause to lift the stay. However, in the Court's view, the Bankruptcy Court's analysis of the cause issue was also clouded by its view of the claim as a core claim.

Applying *Hays* in the circumstances of this case, the Court concludes that NorthWestern has not established that enforcing the arbitration clause would conflict with the text, legislative history or purpose of the Bankruptcy code. NorthWestern cites to generalized concerns regarding bankruptcy policies and its ability to focus on its reorganization, but the Court is not persuaded that these generalized concerns are sufficient to override the strong policy favoring arbitration. *See e.g. In re GWI, Inc.*, 269 B.R. 114, 118 (Bankr.D.Del.2001). Further, the Court is persuaded that arbitration will further the goals of the Bankruptcy Code by providing the parties with a quick and efficient resolution of Appellant's claim. The parties had already selected an arbitrator and were prepared to proceed with this case before the filing of the Debtor's bankruptcy in accordance with the arbitration provision in the em-

**2.** Even if the Court were to conclude that the Bankruptcy Court correctly determined that Appellant's claim was core, the Court would remand this matter for application of the *Hays* test. Although courts have commented that *Hays* is not applicable to core matters, a review of several of these decisions, including *In the Matter of Mintze*, 2003 WL 22701020, *3 (E.D.Pa. Nov.12, 2003) cited by the Bankruptcy Court in this case, demonstrates that courts routinely apply the *Hays* framework to guide the exercise of their discretion even in core matters. *See In re Phico Group, Inc.*, 304 B.R. 170, 174 (Bankr.M.D.Pa.2003) (applying *Hays* analysis to guide Court's discretion to enforce arbitration clause in core matter); *Mintze*, 2003 WL 22701020 at *3 (same); *In re Quad Systems Corp.*, 2001 WL 1843379, *4 (E.D.Pa. Mar.20, 2001) (same); *In re CGE Ford Heights*, 208 B.R. 825, 827 (Bankr. D.Del.1997) (applying *Hays* test to core matter). This Court has previously held that the *Hays* analysis of whether arbitration would seriously jeopardize the objectives of the Bankruptcy Code should be applied to core claims, as well as non-core claims. *See In re American Classic Voyages*, 298 B.R. at 226. Accordingly, the Court would apply the *Hays* analysis in either case.

76

ployment contract drafted by the Debtor. Both parties have incurred considerable expense and devoted considerable time toward the resolution of these claims, and the Court is persuaded that allowing the arbitrator, who is already familiar with these claims to complete the arbitration process, will conserve judicial resources. In light of these circumstances and the strong policy favoring arbitration, the Court also concludes that Appellant has also established cause justifying relief from the automatic stay. *See e.g. In re Quad Systems,* 2001 WL 1843379 at *6 (collecting cases and citing legislative history recognizing that issues of comity and judicial economy may constitute cause to lift the automatic stay). Accordingly, the Court will reverse the decision of the Bankruptcy Court and remand this matter to the Bankruptcy Court for an order directing the parties to resume the previously commenced arbitration proceedings.

## III. CONCLUSION

For the reasons discussed, the Bankruptcy Court's January 13, 2004 Order will be reversed and this matter is remanded to the Bankruptcy Court for an order directing the parties to resume the previously commenced arbitration proceedings.

An appropriate Order will be entered.

### *FINAL ORDER*

At Wilmington, this 7th day of January 2005, for the reasons set forth in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that the January 13, 2004 Order of the United States Bankruptcy Court for the District of Delaware is REVERSED and this matter is REMANDED to the Bankruptcy Court for an order directing the parties to

resume the previously commenced arbitration proceedings.